Longworth, J.
The original action was brought by Jacob Taylor against Joshua Binford and Emmor Cobbs to recover damages for a trespass upon lands which the plaintiff claimed to own. Binford answered, traversing all the allegations of the petition. Cobbs admitted his entry upon the land, but justified under a permit from Binford, who was, he averred, at the time the owner of the land. The ownership of the land was the sole question at issue.
Upon the trial the court rendered judgment for the defendants.
The pleadings, together with the separate findings of fact and law by the court, constitute the record.
From this record it appears that in 1854, Cobbs, who waé then the owner of the land, conveyed it to the board of education of Smith township, by deed, as follows:
“ This indenture, made the fourth day of April, one thousand eight hundred and fifty-four, between Robert Cobbs and Mary Cobbs, his wife, of the county of Mahoning, in the State of Ohio, parties of the first part, and John Shseffer, Mordecai D. Tanneyliill, Stephen Miller, John Allerton, Enoch Shreeve, Nathan Ball, Jesse Stanley, J. W. Satterthwait, James Hoiles, and Seth Pennock, Chairman, and Samuel Cobbs, Clerk, as the township Board of Education of the township of Smith, county and State aforesaid, party of the second part, witnesseth :
“ That the said parties of the first part, in consideration of fifty dollars to them duly paid before the delivery hereof, have bargained and sold, and by these presents do grant and convey to the said party of the second part, its successors and assigns forever, the following lot of land, in range five, township eighteen, section thirty-six: beginning at the southwest corner of the northwest quarter of said section, and running north ten rods, thence east eight rods, thence south ten rods, thence west eight rods, to the place of beginning, with the appurtenances, and all the estate, title and interest of the said parties *264 of tlie first part therein, for the use of school purposes onl/y; and the said parties of the first part doth hereby covenant and agree with, the said party of the second part, that at the time of the delivery hereof, the said parties of the first part were the lawful owners of the premises above granted, and seized thereof in fee simple absolute; and that they will warrant and defend the above granted premises in the quiet, peaceful possession of the said party of the second part, and its successors and assigns forever, for the above named purposes.
“In Witness whereof, the said parties of the first part have hereunto set their hands and seals, the day and year above written. Robert Cobbs [Seal.].
Mart Cobbs [Seal.].
“' Signed and delivered in the presence of)
Joseph L. Hanna and Joseph Cobbs.” j
The grantees took possession of the land and used it until the year 1874, as a school-house site. In the fall of that year the board determined to change the location of the school-house, and to sell the house and lot. In pursuance of this resolution, after proper advertisement, the premises were sold to Taylor for $200, he being the highest bidder. Taylor thereupon entered into possession under a written agreement for a deed, which was afterwards delivered to him in April, 1875.
In February, 1875, Cobbs conveyed to Binford, claiming that the title had reverted to him by reason of the breach of the condition that the premises should be used for “ school purposes only.”
On the one hand it is claimed that the limitation of the use is a condition of the grant the breach of which works a forfeiture of the estate, while on the other hand it is claimed that a grant declared to be for a special purpose without other words cannot be held to be upon condition, but at most creates only a trust. See Packard v. Ames, 16 Gray, 327; Ayer v. Emery, 14 Allen, 69; Sohier v. Trinity Church, 109 Mass. 1; Stanley v. Cobb, 5 Wallace, 119, 146, 164.
We will assume, without, however, so deciding, that the grant is upon condition, the breach of which would work a *265 forfeiture. Has the condition been broken ? Surely not, by the sale to plaintiff. The estate conveyed was a fee, and of this estate the right to assign is an essential incident. Indeed, by the terms of the instrument the estate is expressly made assignable, the grant being to the board “ its. successors and assigns forever.” The mere fact of a sale, therefore, would be no breach of the condition, in the absence of a showing that the grantee diverted the land to other than school purposes only; and this fact nowhere appears.
Judgment reversed, j